IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:24-cv-452-RAH-SMD |
| v. | ) | |
| | ) | |
| MS. GINGER, Recruiter, Express | ) | |
| Employment Professionals, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Pro se Plaintiff Nathaniel Hayes ("Hayes") filed a civil rights complaint against Defendant Ms. Ginger, who is a recruiter for Hayes's former employer, Express Employment Professionals. Am. Compl. (Doc. 17). Hayes contends that (1) Ms. Ginger "misclassified" his employment status, thereby violating the Equal Pay Act, 29 U.S.C. § 206(d), and (2) his due process rights were violated when he was unlawfully terminated without notice. *Id.*

Hayes is proceeding *in forma pauperis*; therefore, his amended complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the Court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

§ 1915(e)(2)(B)(i)-(iii). As explained below, Hayes's amended complaint is due to be dismissed without further opportunity to amend.

## I.    JURISDICTION

This Court has subject matter jurisdiction over Hayes's Equal Pay Act claim and Due Process Claim under its federal question jurisdiction. *See* 28 U.S.C. § 1331.

## II.    FACTUAL ALLEGATIONS

On August 23, 2023, Express Employment Professionals hired Hayes to deliver wine for its client United Johnson Brothers. Am. Compl. (Doc. 17) p. 2. Beginning on August 30, 2023, Ms. Ginger "misclassified" Hayes as a set salary employee, causing him to be denied certain incentives that were afforded other employees. *Id.* at 3.

On March 5, 2024, Hayes called in sick with COVID. *Id.* at 4. Hayes's supervisor, Mr. Mcbee ("Mr. Mcbee"), told Hayes that he would be fired if he did not come into work. *Id.* Hayes met with Ms. Ginger the next day and asked if he had been terminated. *Id.* Ms. Ginger said he had not been terminated and that she would speak with Mr. Mcbee. *Id.* Later that day, Ms. Ms. Ginger contacted Hayes and informed him that Mr. Mcbee had terminated him. *Id.*

For these alleged wrongs, Hayes seeks $1,100,000 in compensatory damages and "other damages deemed appropriate by the Courts." *Id.* at 5.

## III.    LEGAL STANDARDS

Twenty-eight U.S.C. § 1915(e)(2)(B) instructs a court to dismiss an *in forma pauperis* complaint that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim may be frivolous on either factual or legal grounds. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face." *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's Complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are ""merely consistent with"

3

a defendant's liability,' however, are not facially plausible." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

A court should construe a pro se complaint "more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although a "less stringent standard" is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## IV.    ANALYSIS

Hayes asserts an Equal Pay Act claim and procedural Due Process Claim against Ms. Ginger. As explained below, Hayes fails to state a claim and his amended complaint should be dismissed.

### A.  Equal Pay Act Claim

Hayes asserts that he was "misclassified" as an employee and denied incentives in violation of the Equal Pay Act. Am. Compl. (Doc. 17) p. 3. Under the Equal Pay Act, an employer may not discriminate between employees on the basis of sex when paying wages. 29 U.S.C. § 206(d). Nothing in the Equal Pay Act requires employees to be "classified" by their salary status. *Id*.

Assuming *arguendo* that Ms. Ginger could be an "employer" for purposes of the Equal Pay Act,[1] Hayes does not allege that he was discriminated against because of his sex, nor does he plead that he was treated differently than persons of a different sex. *See Waters v. Turner, Wood & Smith Ins. Agency*, 874 F.2d 797, 799 (11th Cir. 1989) (requiring an Equal Pay Act plaintiff to plead a prima facie case showing that the employer paid different wages to employees of opposite sexes for the same work). Therefore, Hayes's factual allegations, taken as true, do not state a claim under the Equal Pay Act.

## B. Due Process Claim

Hayes claims that he was "misclassified" and terminated in violation of the Due Process Clause as set forth in the Fifth and Fourteenth Amendments. Am. Compl. (Doc. 13) pp. 3-5. Because Hayes does not have a property right in his employment and because he cannot assert a constitutional due process violation against a private actor like Ms. Ginger, his claim fails.

The Due Process Clause has both a substantive and a procedural component. "The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (*en banc*) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). Substantive due process rights are created by the Constitution, and "no amount of process can justify [their] infringement." *Id.* at 1557. Procedural due process

---

[1] The Equal Pay Act defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d).

rights, on the other hand, arise where substantive rights are created only by state law, such as in employment law. *See McKinney v. Pate*, 20 F.3d 1550, 1556-57 (11th Cir. 1994).

To state a procedural Due Process Claim, a plaintiff must allege facts sufficient to show that (1) he has been deprived by the state of a cognizable property interest, and (2) he received constitutionally insufficient process regarding that deprivation. *See Ross v. Clayton Cnty., Ga.*, 173 F.3d 1305, 1307 (11th Cir. 1999); *see also J.R. v. Hansen*, 803 F.3d 1315, 1320 (11th Cir. 2015) (stating that a procedural due process violation requires proof that the plaintiff was deprived of a constitutionally-protected liberty or property interest as a result of state action that afforded inadequate process). Critically, a private actor outside the control of the state cannot be liable for a violation of the due process clause. *See Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021) (holding that a deprivation of property must be "fairly attributable" to the state to create a procedural due process claim).

Hayes's procedural Due Process Claim fails for at least two reasons. First, Hayes has not pleaded that he had any property interest in his employment with Express Employment Professionals, Am. Compl. (Doc. 17), and it does not appear that he can, *see Ex Parte Amoco Fabrics & Fiber Co.*, 729 So. 2d 336, 339 (Ala. 1998) (holding that at-will employment is the "bedrock principle" of Alabama employment law). Thus, without a protected property interest in his employment, Hayes's procedural Due Process Claim necessarily fails. Second, and relatedly, Hayes asserts his procedural Due Process Claim against Ms. Ginger, the sole defendant in this action, who works for a private company and is therefore not a state actor. Am. Compl. (Doc. 17). As a private actor, Ms. Ginger is not

subject to procedural due process violations.[2] *Charles*, 18 F.4th at 694. Therefore, because Hayes's amended complaint does not plead any state action in his termination, his procedural Due Process Claim fails.

### C. Opportunity to Amend

Because Hayes bases his amended complaint on legal theories that are not legally cognizable, Hayes's amended complaint should be dismissed without further opportunity to amend. *See, e.g.*, *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") Hayes cannot plead an Equal Pay Act claim under the circumstances here, nor as an at-will employee can he plead a procedural Due Process Claim against Ms. Ginger, a private actor. Further, the undersigned already provided Hayes with an opportunity to amend his complaint and offered specific instruction on how to amend. Order (Doc. 11). Hayes failed to comply with some of the instructions in the Order, namely the directives to include a jurisdictional section and to set forth the facts in numbered paragraphs limited to a specific set of circumstances. Thus, because Hayes cannot amend his complaint to plead a cognizable Equal Pay Act or Due Process Claim and because he failed to follow the

---

[2] To be sure, a private actor may satisfy the state action requirement if a plaintiff shows that (1) the state has coerced or at least significantly encouraged the action alleged to violate the Constitution ("state compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state ("public function test"); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test"). *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988)) (cleaned up). Hayes has alleged no facts that would support the conclusion that Ms. Ginger or Express Employment Services should be considered state actors.

undersigned's instructions in filing his amended complaint, Hayes should not be offered a further opportunity to amend.

## V.    HAYES'S MOTION FOR SUMMARY JUDGMENT

Hayes seeks summary judgment in this matter, arguing that Ms. Ginger "has failed to respond in a timely manner[.]" Mot. (Doc. 19) p. 1. Because Hayes is proceeding *in forma pauperis*, his amended complaint is subject to § 1915 review and has not been served. As such, Hayes's motion for summary judgment is premature and should be summarily denied.

## VI.    CONCLUSION

For these reasons, the undersigned concludes that Hayes's amended complaint fails to state a claim for which relief may be granted. Accordingly, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that this matter be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B) without further opportunity to amend. Further, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Hayes's Motion for Summary Judgment (Doc. 19) be DENIED. Finally, it is

ORDERED that Hayes shall file any objections to this Recommendation **on or before April 7, 2025**. Hayes must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Hayes from a de novo determination by the District Court of

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of March, 2025.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE